## The Delaware and Hudson Canal Company *vs.* The Westchester County Bank.

An action may be maintained on a promise made upon a valid consideration by the defendant to a third person for the benefit of the plaintiff, though the plaintiff himself was not privy to the consideration.

Accordingly, where G. & S. being indebted to the plaintiffs, placed a bill of exchange in the hands of the defendants for collection, who, upon consideration thereof, undertook to collect it, to pay the amount when collected to the plaintiffs in satisfaction of their debt against G. & S., and the defendants having collected the bill; *held* that the plaintiffs could maintain an action against them on that promise.

It is correct, in the declaration in such a case, to state the promise to have been made to G. & S. according to the fact.

Assumpsit for money had and received by the defendants, to the plaintiffs' use, would have lain upon the facts stated.

DEMURRER to the declaration. The plaintiffs declared in assumpsit, setting forth in substance, that on the second day of December, 1842, the plaintiffs were the holders of a check drawn in their favor by Gilbert & Seymour, on the defendants' bank, for $430,42, payment of which, on presentation, had been refused by the defendants; that afterwards, to wit, &c., Gilbert & Seymour were the holders of a bill of exchange drawn upon and accepted by S. R. Spellman of the city of New-York, for $450, payable in ninety days, and that Gilbert & Seymour afterwards, on the same day, &c., at the special instance, &c. of the defendants, endorsed and delivered the bill of exchange to them, the said defendants; in consideration whereof the defendants undertook and promised Gilbert & Seymour that they would endeavor to collect the bill, and that when collected, they would apply the same in payment of the check held by the plaintiffs. Averment, that afterwards, when the bill became payable, to wit, &c., the defendants collected and received the amount thereof, and that the plaintiffs on, &c. continuing to be the holders of the dishonored check, requested the defendants to pay the same to them out of the moneys collected on the bill, which they refused to do. Demurrer, as-

signing for cause, that the declaration does not aver that the defendants made any promise to the plaintiffs. Joinder.

*A. Taber*, for the defendants, insisted that the declaration was substantially defective in not stating any privity of contract between the plaintiffs and the defendants, and referred to *Candler* v. *Rossiter*, (10 *Wend.* 487;) *Sailly* v. *Cleveland*, (*id.* 156;) *Seaman* v. *Whitney*, (24 *id.* 260;) *Gould's Pl. ch.* 3, § 21;) *Anon.* (6 *Mod.* 131;) *Hawkes* v. *Saunders*, (*Cowp.* 289.)

*N. Hill Jr.*, for the plaintiffs, cited *Arnold* v. *Lyman*, (17 *Mass.* 400;) *Crocker* v. *Higgins*, (7 *Conn.* 347;) *Schemer-horn* v. *Vanderheyden*, (1 *John.* 140;) *Barker* v. *Bucklin*, (2 *Denio*, 45.)

*By the Court*, JEWETT, J. Whether, when one person makes a promise to another for the benefit of a third, such third person can maintain an action upon it, though the consideration does not move from him, has been a question involved in a conflict of opinion, as well at the bar, as, to some extent, in the judicial decisions ; but we consider it now well settled, as a general rule, that in cases of simple contracts, the person for whose benefit the promise is made may maintain an action in his own name upon it, although the consideration does not move from him. (*Dutton* v. *Poole*, 1 *Ventr.* 318, 332; *Martyn* v. *Hind*, *Cowp.* 443; *Marchington* v. *Vernon*, 1 *Bos. & Pul.* 101, *note b. ; Pigott* v. *Thompson*, 3 *id.* 149, *note a.*, *Carnegie* v. *Waugh*, 2 *Dowl. & Ryl.* 277; 1 *Chitty's Pl.* 5; *Schemerhorn* v. *Vanderheyden*, 1 *John.* 140; *Gold* v. *Phillips*, 10 *id.* 412; *Shear v. Mallory*, 13 *id.* 496; *Cumberland* v. *Codrington*, 3 *John. Ch. R.* 254; *Farley* v. *Cleveland*, 4 *Cowen*, 432, *affirmed on error*, 9 *id.* 639; *Arnold* v. *Lyman*, 17 *Mass. R.* 400; *Cabot* v. *Haskins*, 3 *Pick.* 91; *Crocker* v. *Higgins*, 7 *Conn. R.* 347; *Barker* v. *Bucklin*, 2 *Denio's R.* 45.) It is laid down in Comyn's Digest, title action upon the case upon assumpsit, (B. 15,) that an assumpsit lies though the

consideration arise in part from another; as if a man promise a pig of lead to A., and his executor give lead to make a pig to B. who assumes to deliver it to A., an assumpsit lies by A. against him.

The remaining question is, whether in declaring, the party for whose benefit the promise is made must aver that the promise was made to him, or whether it is sufficient to state it according to the fact. It is a rule in pleading, that in declaring upon a contract, it must be set forth, either in the words in which it was made, or according to its *legal effect.* (1 *Chitty's Pl.* 299; *King* v. *Pippett,* 1 *Term Rep.* 240; *Page* v. *Wheate, Doug.* 669 ; *Longchamp* v. *Kenny, id.* 138.) *Lawes on Pleading,* (*Story's ed. p.* 93,) lays down the rule as follows : " With respect to the certainty of the parties, necessary in describing the promise in special assumpsit, it must appear who made the promise, and to whom it was made, though it is not necessary that it should appear to have been made to the plaintiff; for in some cases, one man may maintain an action upon a promise made to another, if it be to do a thing for his benefit." The declaration in this case clearly shows who made the promise, and to whom it was made, and that it was to pay a debt of the promisee, to the plaintiffs, and it is supported by a good and valuable consideration. I think this is a sufficient statement of a cause of action to enable the plaintiffs to recover, if sustained by evidence. I know that Eyre, Ch. J., in *The Company of Feltmakers* v. *Davis,* (1 *Bos. & Pul.* 97,) uses the following language: " As to the case put at the bar, of a promise to A. for the benefit of B. and an action brought by B. ; there the promise must be laid as being made to B., and the promise actually made to A. may be given in evidence to support the declaration." If such evidence would support such a declaration, it must be upon the ground that the statement of the promise is according to the legal effect of the undertaking actually made ; and conceding that such a declaration might be sustained upon that ground, it by no means follows, that it would not be good where, as in this case, it set out the contract according to the fact. The ground of the action is, a promise

The Del. & H. Canal Co. *v.* The Westchester Co. Bank.

made to another for the *benefit* of the plaintiffs, and not on a promise *to* the plaintiffs. Mr. Lawes, in his treatise, (page 98,) says, "If the promise be made to a third person for the benefit of the plaintiff, the declaration must state it to have been according to the fact." He refers, no doubt, to the frame of a special count upon such a contract; for it is undeniable, that under a general count for money had and received, the plaintiffs would *prima facie* entitle themselves to recover on proof of the contract, set out in the declaration in this case. (*See Weston* v. *Barker*, (12 *John. R.* 276.) No express promise in an action for money had and received is necessary in order to render a party responsible. It is generally founded in an implied promise. The contract in this case would show that the money collected on the bill, when received by the defendants, was the plaintiffs', and the law would infer a promise by the defendants to pay it to the plaintiffs, because in justice and in good faith they were bound to do so. I am of opinion that the declaration is good in form and substance, and that the plaintiffs are entitled to judgment.

BRONSON, Ch. J. If the question of pleading had been entirely new, my opinion would be that the pleader should have stated the promise as having been made to the plaintiffs instead of Gilbert & Seymour. But *Dutton* v. *Poole* is the leading case on promises of this kind; and from the report of that case in 2 *Lev.* 210, and *T. Jones*, 102, it may be inferred, and from the report in *T. Ray.* 302, it clearly appears that the declaration stated the promise to have been made to a third person to pay a sum of money to the plaintiff. On the authority of that case, I agree that the declaration is right in stating the promise to have been made to Gilbert & Seymour.

Judgment for plaintiffs.