SMITH (ASKEW v.). See Case No. 588.

---

## Case No. 13,005.

SMITH v. ATLANTIC MUT. FIRE INS. CO.

[Brunner Col. Cas. 573;[1] 12 Law Reporter, 408.]

Circuit Court, D. New Hampshire. Oct. Term, 1849.

PLEADING AT LAW—ABATEMENT—TERM OF COURT —INSURANCE—LIMITATION IN POLICY —ON WHOM BINDING.

1. In a suit against a mutual insurance company, the latter cannot, by a plea in abatement, interpose the objection that under the charter suit can only be brought at the term of court succeeding the loss.

2. A clause in an insurance policy that suit shall only be brought at a term of court, next succeeding the loss, applies to members of the company only; not to one who holds the policy as collateral security.

This was assumpsit on a policy of insurance made by the defendants to Dana & Carpenter, of Attleborough, Mass., on certain paintworks,

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

etc. The amount insured was fifteen hundred dollars, and in case of loss it was to be paid to Joseph Smith, of Pawtucket, who brings this action. The defendants were averred in the writ to be a corporation under a special act of the legislature of New Hampshire, and to be doing business at Exeter, in that state. They pleaded generally in abatement, that this court had no jurisdiction over the present case. On this fact issue was joined by the plaintiff, and at the trial the defendants showed that after the fire, March 28, 1848, the plaintiff on the 12th of April, 1848, demanded more than the company thought had been sustained in damages by the fire, most of the injury being in their opinion caused by the explosion of a steam boiler, for which they did not consider themselves liable. That on the 2d June, 1848, the company voted to allow for the loss, two hundred dollars in full, and on the 10th July, 1848, communicated the result to Mr. Austin, the counsel for the plaintiff, who had demanded the amount due. The present action was then instituted in this court, for that last supposed amount, although a session of a state court had intervened since the decision of the company, at which this suit might have been brought, and where it was insisted that by the act of incorporation, the insured were bound to bring it, under the following clause in the second section of their act:—"And the directors upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage, within ninety days after notice aforesaid, and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party shall bring an action against said company for said loss or damage, at the next court to be held in and for the county of Rockingham, and not afterwards, unless such court shall be holden within sixty days after such determination; but if holden within that time, then at the next court holden within said county thereafter." It was contended first by the respondents, that on this clause and the facts in the case, no jurisdiction existed in this court, and it was agreed that this objection be considered before instructing a jury in relation to it.

Ivers J. Austin, for plaintiff.
J. Wells, for defendants.

WOODBURY, Circuit Justice. It is objected that the respondents cannot interpose this exception to the suit, not having been brought in the first court sitting in the county where they did business, and "not afterwards"; first, because they did not communicate their decision to the insured or to the plaintiff, "within ninety days after notice" of the loss. But we do not understand the charter as requiring this, but only that they shall determine on the amount of the loss within that ninety days. That determination being a matter of record, and the insured being a mem-

ber of the corporation, where, as here, it is a mutual association, he can obtain information of it as soon as he pleases, or defer it as long as he pleases. In respect to such notice, a member of a mutual insurance office, who is himself one of the insurers, stands entirely different from a naked insurer, in a corporation where he has no interest, and has no means to look at records as he has here.

It is next objected that when the notice was given in August, it was not to the assured, Dana & Carpenter, but to the attorney of Smith, the plaintiff. But it will be seen that by our views on the first exception, this question becomes immaterial. This special notice was unnecessary and useless. Yet had it been otherwise, it is somewhat doubtful whether Smith himself claiming to be a rightful plaintiff, and being notified through his counsel, is not estopped to deny that the proper person had been notified when it is the one suing. The respondents then do not appear to have done anything or neglected anything, so as to disable them from setting up as a defense, that they have not been sued in the manner prescribed in the policy and charter. But though this exception to the right of the defendants to take the objection that they were not sued at the first court sitting in the county, after this decision as to the amount of the loss, fail, it by no means follows that this objection goes to the jurisdiction of the court. This court has jurisdiction over the subject-matter, and over the parties as residing in different states. See the judiciary act [1 Stat. 73], and cases cited in Dexter v. Haight [Case No. 3,861] and Nunan v. Litchfield [Id. 10,378], Jan., 1849. See, also, 2 N. H. 376, and 3 N. H. 232; Steph. Pl. 217; Catlett v. Pacific Ins. Co. [Case No. 2,517].

The objection seems to be one which grows out of the nature of a contract or mutual engagement between the members of this mutual insurance association, ratified by the legislature, and embodied by consent into the law itself, by which the corporation exists and acts at all as a corporation. The assured stipulate with each other to sue only at a particular time, and the company made up of them united, agrees to be sued only at a particular time, by a member. This compact or agreement may therefore be a bar at law to a recovery at any other time by a member. Such is the contract, and parties make contracts for themselves, and not the court for them. Whether it may not be such a bar if interposed under the general issue, or whether it must be specially pleaded in bar of the maintenance of this action, need not be decided till the question arises in one of those modes, and in a suit by a member. It suffices now to say, that in our view it is not a valid exception to our jurisdiction in a plea in abatement to this action, and much less a valid objection to its general jurisdiction, which is the form of pleading it here.

I shall therefore on these pleadings and facts instruct the jury that they are bound in point of law to return a verdict for the plaintiff. If the court entertain these views, it is understood that the defendants wish to withdraw their plea in abatement, and file the general issue or a special plea, to attempt to take advantage in a different way of the same objection, and of a further objection that no suit for this loss can be sustained in the name of Smith, he not being a member of the mutual association, nor the person insured. I will hear the counsel for the parties on this motion when made, and also on another point of difference, in case the motion be not allowed, whether the judgment be rendered finally against the defendants on the verdict, on the plea in abatement, or may be, respondeat ouster. It is laid down that if judgment be for plaintiff in a plea of abatement, demurred to or replied to, it is interlocutory, respondeat ouster. 1 Tidd, Prac. 589. But if an issue of fact be made and tried and found for plaintiff, the judgment peremptory, quod recuperet. Id. 588; 2 Bos. & P. 389; 1 East, 636. Till the proper time arrives I do not propose to go into the case cited of Kittredge v. Rockingham Fire Ins. Co. [unreported], decided by the supreme court of this state, in Rockingham county, December, 1847. If that case, as is supposed, has decided against an action for the loss being sustained in the name of any person except the insured, it must govern this court as a construction of a local statute, by the highest local authorities. See Luther v. Borden, 7 How. [48 U. S.] 1. But the cases must be exactly parallel before I would relieve the corporation from its express written promise to pay any loss on this policy to the plaintiff.

If the defendants have liberty to amend their plea, the plaintiff should have leave to amend his declaration also, and to declare on a special promise to pay him the amount of the loss, rather than the member of the Mutual Insurance Company. It is well settled that A. may sue on a promise made to B. by C., to pay A., though A. be not privy to the consideration. A. had a debt against B., and B. placed demands with C. to collect and pay over to A. C. is liable to A. Delaware & H. Canal Co. v. Westchester Co. Bank, 4 Denio, 97. See cases collected there, page 98. See form of declaring, as if promise to A., page 99. 1 Bos. & P. 97. And if a third person can thus sue an insurance company on a special promise which it must be authorized to make, as being merely to pay the loss to the mortgagee instead of the mortgagor, which is highly proper if the property mortgaged happens to become lost, it may steer clear of the other difficulty, that the action must be brought at the next court held in the county, because the provision probably applies only to an action brought by one of the members of the mutual incorporation, and not by a third person on a special promise.