## BIGELOW, adm'r, &c. vs. DAVIS.

In case of a mere agency, for the transmission of money, the party for whom the money was designed cannot maintain an action against the agent, for money had and received to his use. To sustain an action there must be an express promise by the agent.

Where C., a debtor of B., handed to the defendant a sum of money and requested him to deliver it to B. and have the latter give C. credit for it, and the defendant took the money and promised to do so; *Held* that no action would lie in favor of B.'s administrator, against the defendant, for money had and received.

THIS was an appeal by the defendant from a judgment of the Onondaga county court, affirming that of a justice of the peace. The action was brought by the plaintiff, as administrator of Thomas O. Bigelow, deceased, for money had and received by the defendant to and for the use of the intestate. The proof was that in September, 1832, one Chase, a debtor of the intestate, handed to the defendant $65, and requested him to hand it to the intestate and have him give Chase credit for it, and that the defendant said he would do so, and took the money. Upon this evidence the justice rendered judgment for the plaintiff, which was affirmed by the county court upon appeal.

*S. C. Parker*, for the appellant.

*M. B. Church*, for the respondent.

*By the Court*, W. F. ALLEN. J. It is well settled at this day, that privity of contract between the parties to an action is not in all cases necessary to be established in order to support the action. A promise to A., upon a sufficient consideration, for the benefit of B., enures to the benefit of the latter, and gives him a right of action. And when money has been received by B. to the use of A., and which the latter has an absolute right to demand and receive from the former, the law will in certain cases imply a promise to pay, upon which an action may be sustained. It may be doubted whether the law will imply a promise to one person upon a consideration moving entirely from another,

and where there is no privity of contract or dealing between the parties. To sustain this action the plaintiff relies upon the naked fact of the delivery of the money to the defendant to be by him delivered to the plaintiff's intestate. The money was not advanced to the defendant, within any definition of that term, upon his agreement to pay to the intestate. The defendant derived no benefit, and was to derive none, from the receipt of the money. The money remained the property of Chase, the debtor. Had it been lost without the fault of the defendant, the loss would have fallen on Chase, and not on his creditor. The debt of Chase was not extinguished by delivery of the money to the defendant, and the defendant was in no sense the agent of the intestate. The defendant received the money as the agent of Chase, to deliver to his creditor, and the agency could have been revoked at any time by Chase, and the money recalled and appropriated to any other purpose. It never became the property of the defendant or of Thomas O. Bigelow. There is no evidence that up to the bringing of this action the plaintiff or his intestate recognized the delivery of this money to the defendant as a payment to the intestate, and no evidence whatever of any promise by the defendant to the plaintiff or his intestate to pay the money to either. I can find no case circumstanced like this in which a party has been allowed to recover, and I know of no principle upon which the action can be sustained. On the contrary, the authorities are adverse to the plaintiff. The defendant was the agent of Chase, the debtor, and an action will not lie against an agent on behalf of a third party, except upon an express promise. (*Colvin* v. *Holbrook*, 2 *Comst.* 126. *Merritt* v. *Johnson*, 7 *John.* 472.) A., being defendant in an action brought by B., paid the debt and costs to his own country attorney for transmission to B. The attorney sent a check exceeding the amount, to his own town agent, directing him to pay the debt and costs out of it. The agent acknowledged the receipt, by letter to his country attorney, and therein promised to apply the money as directed, and the jury found that he knew that the money was the money of the plaintiff, but he retained it in deduction of a debt due to him from the attorney. Held that there

Bigelow *v.* Davis.

was no sufficient evidence to support an action for money had and received, by A. against the agent. (*Cobb* v. *Becke,* 6 *Q. B. Rep.* 930. 9 *Jur.* 439.) In *Barlow* v. *Burrow,* (16 *M. & W.* 126,) the defendant as the agent of an executor wrote to a legatee, informing him of his legacy and of its amount, and stating that he would remit it in any way the legatee might suggest. He remitted a part, and in an action for money had and received, to recover the residue, which he had appropriated to the payment of certain expenses, it was held the action would not lie. Parke, B. says, "there is not the least pretense to say that the defendant has ever agreed to hold the money for the plaintiff; he is the agent of the executor, not of the plaintiff, to receive the money: nor is he a mere stakeholder. So long as the money is in his hands it is in the hands of the executor. There is no privity between him and the plaintiff." Pollock, C. B., Alderson, B. and Rolfe, B. concurred. That an absolute engagement on the part of the agent receiving money from his principals, with the party claiming the money, to pay it to him is necessary to enable such party to maintain an action, see also *Malcolm* v. *Scott,* (5 *Exch.* 601.) *Williams* v. *Everitt,* (14 *East,* 582,) was an action for money had and received. One Kelly, residing abroad, remitted bills to the defendants, his bankers, with directions to pay the amount in certain proportions to his creditors, among whom was the plaintiff. The plaintiff was notified by Kelly and gave notice to the defendants, and offered to take the bills and indemnify the defendants, who refused to indorse the bills or act upon the letter of Kelly. The defendants afterwards received the money on the bills. It was held that they did not, by the mere act of receiving the bills and afterwards the produce of them, with such directions, bind themselves to the plaintiff so to apply the money in discharge of his debt from Kelly, and consequently that the plaintiff (between whom and the defendants there was no privity of contract express or implied, but on the contrary it was repudiated) could not maintain an action against the defendants for money had and received to his use. But that the property in the bills and their produce still continued in Kelly. In *Gibson* v. *Minot,* (*Ryan & Moody,* 68,)

Bigelow *v.* Davis.

A. gave an order on his bankers, directing them " to hold over from his private account £400 to the disposal of B." The banker accepted the order. Held, that such order was revocable, and might be countermanded before payment to B. or appropriation to his credit. In *Nedlake* v. *Hurley,* (1 *Cromp. & Jer.* 83,) A. remitted to B. a bank bill indorsed " Pay to the order of B. under provision for my note in favor of C., payable at the house of B. on 1 January, 1830." B. received the proceeds of the bill and refused to pay them over to C. In an action for money had and received by C. it was decided that the action would not lie, because B. had never assented to hold the bill or money to the use of C. (*See also Baron* v. *Husband,* 4 *B. & Ad.* 611.) In *Lilly* v. *Hays,* (5 *Ad. & E.* 548,) the plaintiff was allowed to recover, the defendant having admitted that he had received the money for the plaintiff and promised to pay it to him. The consideration moving from the debtor was held sufficient to support the promise to the plaintiff in the view taken by Patteson, J. Williams, J.: " I am of the same opinion. The defendant here admits the receipt of the money on the plaintiff's account, and is adopted by him as his agent." Coleridge, J.: " The facts here show that the defendant was the agent of the plaintiff; that agency supplies the consideration. To constitute an agency there must have been an agreement either express or to be inferred from what has been said on one side and adopted on the other." Lord Denman, C. J.: " I am of the same opinion. I thought that the defendant had made himself the plaintiff's banker as to this £100." The authority of the cases cited has been hitherto unquestioned, so far as I have discovered in my examination of the books, and I have found no case in which upon the proof of a mere agency, as in this case, for the transmission of the money, the party for whom it was designed has been permitted to maintain an action against the agent, for money had and received to his use. The class of cases cited and relied upon by the plaintiff's counsel depend upon an entirely different principle, and are not in conflict with the cases referred to. They are cases in which the relation of principal and agent did not exist, but in which there was a valid contract between two

persons for the benefit of a third, and the only question really involved in them was in respect to the proper party to the action. The rights of the parties were fixed by the contract, which was irrevocable without the consent of all. I need not refer to them in detail, but upon examination I think it will be found that the doctrine of the cases above referred to is not controverted, and the cases themselves are not referred to, and for the reason that they did not depend upon the same principles. Among the cases cited was *Farmer* v. *Russell*, (1 *Bos. & Pul.* 295,) in which the defendants were the agents of the plaintiff and as such received the money sued for. Most of the other cases were cases of special contract, and all are clearly distinguishable from this. (*The Delaware and H. Canal Co.* v. *The Westchester County Bank*, 4 *Denio*, 97. *Weston* v. *Barker*, 12 *John*. 276. *Cabot* v. *Haskins*, 3 *Pick*. 83. *Arnold* v. *Lyman*, 17 *Mass. R.* 400. *Ellwood* v. *Monk*, 5 *Wend*. 235. *Farley* v. *Cleveland*, 4 *Cow*. 432 ; *S. C. in error*, 9 *Id*. 639. *Shear* v. *Mallory*, 13 *John* 496. *Gold* v. *Phillips*, 10 *Id*. 412. *Schermerhorn* v. *Vanderheyden*, 1 *Id*. 139. *Barker* v. *Bucklin*, 2 *Denio*, 45.)

The judgment of the county court and of the justice must be reversed.

[Onondaga General Term, October 3, 1853. *Gridley, W. F. Allen* and *Hubbard*, Justices.]