Berry v. Mayhew.

---

HIRAM G. BERRY *v.* THOMAS M. MAYHEW *and others.*

Where evidence was ruled out by the Court below, the appellate Court will not inquire into its relevancy, unless it or its substance appear in the case, but will assume that the decision of the Court was correct.

The defendant collected a sum of money for S. with directions to pay the same to the plaintiff,—*Held*, that this was equivalent to an express promise by the defendant to the plaintiff to pay him such sum, and an action for money had and received by plaintiff was well brought. *Held, further*, that no consideration between plaintiff and S. need be shown.

Under such circumstances, it is no defence, that another party claims the same sum, but the money should be paid into Court, and such third party brought in by way of interpleader.

APPEAL by defendants from a judgment rendered in favor of plaintiff on a trial before Judge Brady, without a Jury.

The facts in this case are fully stated in the opinion of the Court.

*Beebe, Dean, and Donohue,* for the appellants.

I.  The Court should have dismissed the complaint on the motion for that purpose.  1.  There was no evidence that the defendants were partners.  2.  There was no evidence that the defendants, or either of them, received the moneys claimed. 3. There was no evidence that the plaintiff was the owner of, or in any way interested in, the moneys.

II.  The money claimed was the earnings of the brig *Frances Ellen,* referred to in the letter of Sawyer.  The letter of Sawyer was not an assignment or transfer.

III.  The letter of Sawyer, enclosing the draft, merely constituted the plaintiff the agent of the owners of the vessel, to receive the moneys when collected, and vested no title in plaintiff.

IV.  Plaintiff was not the owner of, nor interested in, the brig, and consequently not entitled to the moneys claimed, they being her earnings.

*J. W. Gerard, Jr.* (Platt, Gerard & Buckley) for the respondents.

I.  It was proved at the trial, without any conflicting testimony, that Captain Sawyer enclosed to the defendants the note of Captain Fisk (which is produced, paid, and cancelled), with directions to collect it and remit the money to the plaintiff.  The defendants received the note, and acted under this retainer.

II.  The plaintiff then draws for this money, and on presentation of the draft, the only objection defendants make is, that the money is trusteed, otherwise *" they would be happy to pay"* over the money.

III.  The above being the facts, the law is, that an action may be maintained on the reception of money by the defendant of a third person for the benefit of the plaintiff, without any consideration moving from the plaintiff.  *Weston* v. *Burker,* 12 Johns. 276 ; *Schermerhorn* v. *Vanderheyden,* 1 Johns. 139 ; *Shear* v. *Hillsdale,* 13 Johns. 496 ; *Judson* v. *Gray,* 17 How. Pr. R. 289.

Berry v. Mayhew.

By the Court.—Hilton, J.—The complaint was that the defendants, composing the firm of Mayhew, Talbot & Co., had received two hundred dollars to and for the use and benefit of the plaintiff, which they, upon request, refused to pay over. The answer contained a denial of having received the sum specified, or any money for the use of the plaintiff, and also denied that the defendants were co-partners.

At the trial before the Court, without a jury, the plaintiff, to establish his case, produced two letters, dated June 3d and 14th, 1858, and in the defendant's possession. They were written and sent to the defendants by D. J. Sawyer, and the first of which enclosed a note of C. A. Mansfield for two hundred dollars, with a request, in substance, that they would collect it, by suit, if necessary, without delay, and remit the money to the plaintiff. The second letter appears to have been written after the defendants had received the money on the note, and had informed Sawyer by telegraph that it had been attached for the debts of James B. Mansfield. In this letter, after stating that the money does not belong to James B. Mansfield, Sawyer adds, " If you can get it out of his hands, and pay it over to Berry, I should be glad."

Subsequently, the plaintiff demanded the money of the defendants Talbot and Butler, when they answered that they should be happy " to pay over the money if there was not an attachment or trusteeship," giving no other reason for their refusal.

After it was further shown that the defendant Simpson was not a member of the defendant's firm, but that their partnership consisted of the other defendants, the plaintiff rested his case, and a non-suit was then asked for by the defendants, upon various grounds, but denied, and an exception taken to such denial.

The testimony of the defendants' witnesses did not, in any degree, impair the case thus shown by the plaintiff, nor did the defendants attempt to show that the money had been attached as stated by them at the time of the demand made, but, as a part of the defence, a letter was offered in evidence from Sawyer to the defendants, dated June 16. 1858. Its admission being objected to by the plaintiff, it was ruled out by the Judge, and an exception taken by the defendants to such ruling.

Berry v. Mayhew.

As the printed case submitted to us does not contain this letter, we are unable to say whether it was or was not material to the issue presented by the pleadings. We must, therefore, assume that the judge who tried the cause, and had an opportunity to ascertain the contents of the letter, properly rejected it.

At the close of the trial, upon the application of the plaintiff, the name of the defendant Simpson was stricken out of the complaint, and subsequently judgment was given against the remaining defendants, who were shown to have been co-partners at the time the money was thus received.

I am unable to understand upon what ground this judgment can be deemed erroneous. The evidence derived from the letters in the defendant's possession, being wholly uncontradicted, clearly showed that they had received, at the request of Sawyer, two hundred dollars upon the trust that they would pay it over to the plaintiff. This was equivalent to an express promise to the plaintiff that they would pay the money to him (*Weston* v. *Barker*, 12 Johns. 276), and so, in the most strict and literal sense, it was money received to his use. *Israel* v. *Douglass*, 1 H. Black. 229; *Ward* v. *Evans*, 2 Raymond, 928; S. C. 6 Modern R. 36. It came into the hands of the defendants, accompanied by a special direction from Sawyer, to whom it belonged, to pay it to the plaintiff, and under such circumstances it is well settled, that an action may be maintained by the person to whose use the money has been received. *De Bernalis* v. *Fuller*, 14 East, 590, note, S. C.; 2 Camp. N. P. C. 426; *Baker* v. *Birch*, 3 Id. 109; *Therasson* v. *McSpedon*, 2 Hilton, 1; *Del. & Hud. Canal Co.* v. *Westchester Co. B'k.*, 4 Denio, 97, and cases cited. This right does not depend upon a consideration moving from the party who brings the action, it being only necessary that the promise shall be founded upon some valid consideration moving from the person entitled to the money at the time of giving the direction. *Judson* v. *Gray*, 17 Howard P. R. 289; affirmed in Court of Appeals.

In regard to the point taken by the defendants on the argument before us, that the money was the property of James B. Mansfield, and therefore did not belong to either Sawyer or the plaintiff, it is only necessary to say that no such fact was established at the trial, nor was it set up in the answer as a de-

fence. Besides, the defendants, as I have before remarked, received the money upon the trust that they would pay it to the plaintiff, and therefore could not relieve themselves from the obligation thus assumed by setting up a pretended claim on behalf of some third person. If upon sufficient grounds, they considered such claim valid, their proper course was to interplead the person making it, and bring the money into court; leaving the several claimants to litigate their rights respecting it. *Atkinson* v. *Manks*, 1 Cowen, 691; *Shaw* v. *Coster*, 8 Paige, 339; *Bedell* v. *Hoffman*, 2 Paige, 199; Code, § 122.

Judgment affirmed.