KRUGER v. GALEWSKI.

(City Court of New York, General Term. November 20, 1894.)

Assumpsit—Money Had and Received.

An action for money had and received will lie by a vendee to recover earnest money on the ground that the title was not as represented by the vendor.

Appeal from trial term.

Action by Max Kruger against Bernard Galewski. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and Mc-CARTHY, JJ.

G. S. Drachman, for appellant.

Alfred D. Lind (H. M. Goldfogle, of counsel), for respondent.

EHRLICH, C. J. The plaintiff's assignor entered into an agreement with the defendant to purchase from him the property known as No. 409 East 115th street for $9,000, and paid the defendant $250 to bind the bargain. An appointment was made for the respective parties to meet and execute a formal contract. They met,

and plaintiff's assignor refused to execute the contract, on the ground that the defendant had represented that a mortgage on the property for $7,000 had three years to run, whereas in fact it had less than a year to run; whereupon the former demanded the return of the $250, but the defendant refused to pay back the money. Plaintiff's assignor assigned the claim to the plaintiff, who brought the present action to recover the $250 as so much money had and received by the defendant to and for the use of plaintiff's assignor. The judge sent to the jury the question whether the defendant had misrepresented the time the mortgage had to run before its maturity, and the jury found on this issue for the plaintiff, so that the facts have all been determined in his favor. The main point urged against the recovery is that an action for money had and received would not, on the allegations of the complaint, lie in this case. Upon this proposition the authorities seem to hold that an action in that form will lie. Byxbie v. Wood, 24 N. Y. 607; Berry v. Mayhew, 1 Daly, 56; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; and kindred cases. It follows that the judgment appealed from must be affirmed, with costs. All concur.