(50 Misc. Rep. 319)

### LEFKOWITZ v. REICH.

(Supreme Court, Appellate Term. April 24, 1906.)

1. MONEY RECEIVED—PAYMENTS TO AGENT—RECOVERY.

Plaintiff's assignors, being desirous of fitting up a saloon and dance hall, and being without sufficient funds, applied through defendant to a brewing company for assistance. Defendant was the salesman and collector for the company, and he procured the latter to agree to advance the greater part of the cost of fitting up the place desired. under an arrangement by which plaintiff's assignors agreed to pay $1,500 and the brewing company the balance. Plaintiff's assignors paid $1,500 to the brewing company, and thereafter paid $500 more to defendant on his representation that the brewing company required that amount additional, which sum defendant never paid to the latter. Defendant sub-

sequently stated to the brewing company that plaintiff's assignors desired the return of the $1,500 to use until it became necessary to apply it to the work for which it was designed, whereupon it was paid to defendant, and he deposited the entire $2,000 to his own bank account and never applied any part thereof to the purpose indicated. *Held*, that neither defendant nor the brewing company ever acquired any title to the money, except to apply it to the purpose intended, and that plaintiff's assignors could therefore ratify defendant's act in receiving the money and recover the same in an action for money had and received.

2. WITNESSES—CROSS-EXAMINATION.

Where, in an action for money received, plaintiff's assignors claimed that defendant had acknowledged his indebtedness within the period limited for the bringing of an action to recover the debt, and had paid $50 thereon, which defendant denied, claiming that the debt was barred by limitations, and in various pleadings and affidavits filed plaintiff had alleged that the amount due was the total amount of the original claim, it was error for the court to refuse to permit defendant to cross-examine plaintiff's assignors with reference to why they had uniformly omitted to previously assert such partial payment.

Appeal from City Court of New York, Trial Term.

Action by Aaron Lefkowitz against Bernard Reich. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Leonard Bronner (Benjamin N. Cardozo, of counsel), for appellant. Wales F. Severance (Max D. Steuer, of counsel), for respondent.

SCOTT, P. J.    The plaintiff sues as assignee of the firm of Schneider Bros. upon a state of facts which must be deemed to have been established by the verdict as follows:   In 1897 that firm were desirous of fitting up and running a beer saloon and dance hall. They had not sufficient money themselves, and through the mediation of defendant made an arrangement with the Malcolm Brewing Company, for whom defendant was salesman and collector, whereby the company agreed to advance the greater part of the cost of fitting the place up. Under this arrangement it was agreed that Schneider Bros. should pay in cash $1,500, and that the brewing company should pay the balance of the expense, taking a chattel mortgage to secure themselves. Schneider Bros. paid the $1,500 to the brewing company, and subsequently paid a further sum of $500 to defendant, on his representation that the brewing company required that that additional amount should be put up. This sum, however, defendant never paid to the company. The fitting up took longer than had been anticipated, and defendant stated to the brewing company that Schneider Bros. desired the return of the $1,500, as they could use it until it should become necessary to apply it to the payment for the fitting up of the place. Defendant admits the receipt of the $1,500 from the brewing company and of the $500 from Schneider Bros., and it appears that both amounts were deposited in his own bank account. He asserts, however, that it was all expended by him in fitting up the place. On this issue the jury found against him, and we must assume from their verdict that defendant appropriated the money to his own purposes.

Under these circumstances may the plaintiff maintain an action as for money had and received?   We think that he may.   It is undoubted-

ly true that it had been held that in the case of a mere agency for the transmission of money the party for whom the money was designed cannot maintain an action against the agent as for money had and received to his use, and the reason for the rule has been said to be that the law will not imply a promise to one person upon a consideration moving entirely from another and where there is no privity of contract between the parties. Bigelow v. Davis, 16 Barb. 561. As we consider it, however, the plaintiff's right to recover rests upon the broader principle that money in the hands of one person to which another is equitably entitled may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled thereto. Roberts v. Ely, 113 N. Y. 129, 20 N. E. 606; Mason v. Prendergast, 120 N. Y. 537, 24 N. E. 806. In the case at bar Schneider Bros. had never lost their beneficial ownership and interest in the money. They had paid the $1,500 and the $500, as they supposed, to the brewing company, not as absolute payments as for a debt due, but as advances to be expended by the brewing company for the benefit of Schneider Bros. The brewing company obtained no title to it, except as a deposit to be applied to fitting up the saloon. In a very important sense, therefore, Schneider Bros. remained the owners of the money, which could not, without their consent, be diverted from the purpose to which they had appropriated it. With all the facts defendant was fully cognizant, and he must therefore be deemed to have known that both the $1,500 and the $500 remained the property of Schneider Bros. until used for the special purpose to which they had appropriated it. He knew, therefore, when it came into his hands, that neither he nor the brewing company had any right to use the money otherwise than in fitting up the saloon, or any right whatever to retain it, if it was not used. The jury have found that it was not used for the purpose for which Schneider Bros. paid it. It follows that in equity and in good conscience it was defendant's duty to repay it, not to the brewing company, who had no claim to it if it was not used in fitting up the saloon, but to Schneider Bros., whose money it was. It is no answer to say that Schneider Bros. might have sued the brewing company on the theory that defendant acted for them and as their agent. He also undertook or assumed to act as Schneider Bros.' agent, and although they were unaware of the fact at the time and for a long time thereafter, it was competent for them, when they ascertained the facts, to ratify defendant's assumption of agency and sue upon that theory. Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043. If, therefore, there were no question in the case, except as to the right of plaintiff to sue upon the state of facts above detailed, we should find no difficulty in affirming the judgment.

There is, however, another and a serious question to consider. The transaction by which defendant, as it is said, became possessed of Schneider Bros.' money, took place in 1897, and plaintiff's claim would therefore have been barred by the statute of limitations, unless some fact appeared to take the case out of the statute, which was duly pleaded as a defense to the action. To avoid the effect of the statute plaintiff's assignors testified that in 1904, some months before the commencement

of this action, the defendant, who up to that time had vigorously denied liability for the money, came to the Schneiders and voluntarily confessed that he owed the money, and paid $50 in bills on account, promising to pay the balance later. This payment is relied upon to take the case out of the statute. The defendant denies this story in toto, and, as evidence of its improbability, points to the fact that the assignment to plaintiff, although made after the alleged payment, was for a claim of $2,000 instead of $1,950; that in the complaint $2,000 is claimed, and it is asserted that no part of it has been paid; that in affidavits made for various purposes during the litigation the assertion is uniformly made in form or in substance that the whole sum of $2,000 is due, and no hint or suggestion is made as to any payment having been received on account thereof. It may be that these circumstances, apparently contradictory of the story that defendant had paid $50 on account, were susceptible of satisfactory explanation; but they certainly presented a situation which entitled the defendant to cross-examine the plaintiff's assignors with considerable particularity. An attempt was made to so cross-examine them; but the court, upon the objection of immateriality, excluded many pertinent and relevant questions as to why the witnesses had uniformly omitted to mention a fact so material and important to the maintenance of the action, and, after refusing to permit the plaintiff's assignors to be cross-examined upon the subject, the court, against defendant's objection, permitted the plaintiff's attorney to make the explanation which it had been forbidden to ask of the witnesses themselves. It is impossible to say that these rulings may not have affected the conclusion of the jury upon the question whether or not the $50 had been paid, and thus practically defeated a defense which defendant was entitled to interpose.

For this error, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.