JOHN KELLY, Sheriff of New York, Respondent, v. MORRIS ROBERTS, Jr., Appellant.

An agreement upon no new consideration between debtor and creditor, that the former shall pay the amount of his debt to a third person (creditor of the latter), is not, in the absence of any notice or acceptance of or assent to the arrangement by such third person, irrevocable by the creditor, and does not create such a trust for or interest in such third person, as to the debt or fund owing by the debtor, as will prevent its being held under attachment against the property of the creditor.

Accordingly, where E sold his stock of goods to R, by written bill of sale, at a price to be paid him by R, to be ascertained by an inventory of the goods; and, subsequently, it was verbally agreed between them, that R should pay the purchase money to A and C, in satisfaction of debts owing by E to them, respectively; and before any act by R thereunder, or any notice to A and C, or acceptance by them of or assent to this arrangement, the sheriff having served an attachment in his hands against the property of E upon R, brought an action against him under the statute to recover the purchase money as a debt due E.—*Held*, he could recover.

*Lawrence* v. *Fox* (20 N. Y., 268) and like cases distinguished.

If the verbal agreement had been made previous to or cotemporaneous with the bill of sale, it would have merged in and been inadmissible to vary the latter.

(Submitted April 2d, 1869, and decided June 12th, 1869.)

APPEAL from the judgment of the Supreme Court in the first district, affirming a judgment for the plaintiff upon the report of a referee.

The action was brought under section 232 of the Code, by the plaintiff, as sheriff of the county of New York, holding an attachment against the property of Everett & Jones, to recover the amount of a debt alleged to be due from the defendant to them.

The referee, to whom the cause was referred, reported, among other matters, not material to the questions discussed 'in the opinion, the following facts and conclusions:

That on or about the 29th day of March, A. D. 1861, the defendant purchased from Thomas R. Everett and Robert O. Jones (then composing the copartnership firm of Everett

& Jones), all the goods, stock and property owned by them in the store then occupied by them, known as No. 284 Fulton street, in the city of Brooklyn, at and for the rate of thirty per cent of the actual cost thereof.

That the said Everett & Jones and the said defendant, on the said 29th day of March, executed, under their hands and seals, an agreement for the said sale in the words and figures following, to wit:

" Agreement this day made between Thomas R. Everett and Robert O. Jones, both of the city of Brooklyn, State of New York, and doing business in said city of Brooklyn, under the firm name of Everett & Jones, of the first part, and Morris Roberts, Jr., of the city of New York and State aforesaid, of the second part, witnesseth as follows:

" The said parties of the first part, in consideration of the sum of one dollar to them in hand paid, and in consideration of the covenant hereinafter contained on the part of the party of the second part, hereby grant, sell, assign, transfer and set over to the said party of the second part, all the goods, stock and property now owned and belonging to the parties of the. first part, and in the store now and heretofore occupied by the said parties of the first part, and known as No. 284 Fulton street, in said city of Brooklyn, to have and to hold the same unto the said party of the second part, his heirs, executors, administrators and assigns forever; and the said party of the second part, in consideration of the foregoing, hereby agrees to pay unto the said parties of the first part, at and after the rate of thirty per cent upon the actual costs of said goods, property and stock.

" And it is hereby mutually agreed that, for the purpose of arriving at the amount which the said party of the second part is to pay unto the said parties of the first part, in pursuance of this agreement, an inventory shall forthwith be taken of said goods, stock and property, by the parties to these presents, which said inventory shall specify the actual costs of the respective articles of property hereby sold to the party of the second part, and upon the completion of said inven-

tory, the same shall be annexed to this instrument, and marked schedule A.

" In witness whereof the parties to these presents have hereunto set their hands and seals, the 29th day of March, in the year 1861.

" THOMAS R. EVERETT, [L. S.]

" ROBERT O. JONES,     [L. S.]

" MORRIS ROBERTS, Jr., [L. S.]"

The actual costs of the said goods, stock and property was $9,000, and the sum found (upon ascertaining such costs) to be payable by the said defendant, was $2,700.

It was verbally agreed between the aforesaid parties that the consideration for the said purchase should be paid by the said defendant in the following manner :   *   *   *   *   *

That he should use a portion of the purchase money by paying to certain parties then composing the mercantile firm of Cummings, Simpson & Armstrong, a promissory note for $400, then held by the last named firm, and which was made by the said firm of Everett & Jones, and was payable in the month of April then next.

That he should use a further portion of the purchase money by paying to certain parties then composing the mercantile firm of Arnold, Constable & Company, a promissory note of $300, then held by the last named firm, and which was made by the said firm of Everett & Jones, and was payable in the month of May then next.

And he was, by such agreement, to retain in his hands the money requisite for the payment of the said notes, and pay the same at the maturity thereof.   *   *   *   *   *

That on the 13th day of April, 1861, on the application of William M. Bliss, William A. Wheelock, Austin H. Kelly and Edward Merritt, plaintiffs, a warrant of attachment was issued out of the Supreme Court, by and under the hand of the Hon. T. W. Clerke, one of the justices of the said court, against the property of the said Thomas R. Everett and Robert O. Jones.

Which said warrant was on the same day delivered to John Kelly, the sheriff of the city and county of New York, to be executed.

That on the 14th day of the said month of April, 1861, the said sheriff, by one of his deputies, served the said warrant of attachment on the defendant herein, by delivering to the said defendant herein a copy of the said warrant of attachment, together with a notice indorsed thereon, in the words and figures following, that is to say :

" I hereby certify the within to be a true copy of the original warrant of attachment as served by me in this suit, and that the attachment, of which the within is a copy, is now in my hands, and that in it I am commanded to attach and safely keep all the estate, real and personal, of the said Thomas R. Everett and Robert O. Jones, the within named debtors, within my county (except such articles as are by law exempt from execution), with all books of accounts, vouchers and papers relating thereto ; and that all such property and effects, rights and shares of stock, with interest thereon, and dividends therefrom, and the debts and credits of the said Thomas R. Everett and Robert O. Jones, the within named debtors, now in your possession, or under your control are, or which may come into your possession, or under your control, will be liable to said warrant of attachment. And you are hereby required to deliver all such property, &c., into my custody without delay, with a certificate thereof.

" DATED NEW YORK, *April* 13*th*, 1861.

" Yours, &c.,

" JOHN KELLY,

" *Sheriff of the City and County of New York.*

" H. CROMBIE,

·    " *Deputy Sheriff.*

" To MORRIS ROBERTS, Jr., Esq.,

" 181 Eighth avenue."

That the said sheriff, by his deputy, at the same time demanded of the said Roberts (the defendant herein) a certi-

ficate of what property belonging to the said defendants in the attachment (Thomas R. Everett and Robert O. Jones), or either of them, he had in his possession, or under his control, and of any debts due or owing from him to either or both of said defendants (last named), and the said Roberts neglected and refused to give to the said sheriff any certificate thereof.

That thereupon, on the 26th day of April, 1861, an order was obtained, upon the application of the aforesaid plaintiffs in attachment, under the hand of the Hon. George G. Barnard, one of the justices of the said Supreme Court, requiring the defendant herein (Morris Roberts, Jr.) to appear before the said justice to be examined, on oath, concerning any property belonging to the said Everett & Jones, or either of them, held by him, and concerning any debts owing by him to the said Everett & Jones, or either of them.

In pursuance of which said order the said defendant herein appeared before the said justice, and on the 11th day of May, 1861, was examined touching the matters in the said order referred to.

And after such examination, on the 18th day of May, 1861, the said sheriff of the city and county of New York, by his deputy, served the said warrant of attachment again upon defendant herein, by delivering to him a copy thereof, with a notice thereon indorsed, dated May 13th, 1861, in the same words and figures as the said notice before served, as above set forth, save only that there was added to such further notice these words, viz: "particularly the sum of $1,200, or thereabouts, belonging to the said debtors, now in your hands, with a certificate thereof."

And, thereafter, on the 28th day of June, 1861, this action was commenced.   *   ,   *   *   *   *   *   *

I further find that the aforesaid firms of Cummings, Simpson & Armstrong, and Arnold, Constable & Company, have not been, nor have either of them been, notified of the aforesaid agreement between the said Everett & Jones and the defendant in respect to the payment of a portion of the

purchase money for the aforesaid goods, to them respectively.

That they have not, nor have either of said firms, in any manner, assented to the provisions so made for such payment, nor required such payment from the said Roberts.

That the said Roberts has never paid to them, or either of them the moneys so agreed to be paid to them, nor any part thereof, and has never promised or agreed with them, or with either of them, to make such payment.    *    *    *

I do further find that the amount due to William M. Bliss, William A. Wheelock, Austin A. Kelly and Edward Merritt, the plaintiffs in the said attachment, and mentioned therein, and in the pleadings in this action, and for the satisfaction of which the said attachment was issued, is $496.15, with interest from the 17th day of February, 1861, which interest is forty-four dollars and seventy-seven cents, and that the sheriff's poundage and fees upon said attachment amount (so far as they appear from any facts shown on the trial hereof or admitted in the pleadings herein) to the sum of twelve dollars and forty cents ; which said last mentioned three sums amount to $554.32, and that no other costs or expenses incurred by the said sheriff, or by the aforesaid plaintiffs, in the said attachment, were in any manner proved or made to appear on the trial hereof.

My conclusions of law from the aforesaid facts are—

*    *    *    *    *    *    *

*Third.* In respect to the sum of $700, residue of the con sideration of the said purchase and which it was agreed he should pay to the said firms of Cummings, Simpson & Armstrong, and Arnold, Constable & Company.

1st. That the said firms last mentioned acquired no such title to the said payment, and the defendant incurred no such liability to them, as will avail to defeat the claim of the plaintiff in this action, to recover the same as the money of Everett & Jones.    *    *    *    *    *

3d. That subject to the right of the plaintiff herein to recover, to the extent of such sum as is sufficient to satisfy

the aforesaid demand of the said plaintiffs in the said attachment, with the interest, together with the costs and expenses, the defendant in this action is entitled to have and retain the said sum, and is not liable therefore to the aforesaid defendants in the attachment (Everett & Jones), and that, therefore, the recovery of the plaintiffs in this action should be limited to the sum required to satisfy the said demand of the plaintiffs in the said attachment, with the interests, costs and expenses aforesaid.

I do, therefore, find, determine and decide, that the plaintiff in this action is entitled to recover from the defendant herein the aforesaid amount of $554.32, and also to recover his costs of this suit; and that the said plaintiff have judgment against the said defendant accordingly.

_John Graham and Reynolds,_ for appellant.

_Prentiss & Flanders,_ for respondent.

JAMES, J. Had the debtors and the defendant Roberts, made it a condition of the sale of the goods of the former to the latter, that the defendant should pay a designated part of the consideration of the sale to Arnold, Constable & Company, and a part to Cumming, Simpson & Armstrong, the cases of _Berly_ v. _Taylor_ (5 Hill, 533); _Williams_ v. _Fitch_ (18 N. Y., 546); _Lawrence_ v. _Fox_ (20 id., 268); _Gridley_ v _Gridley_ (24 N. Y., 130); and _Lowry_ v. _Steward_ (25 N. Y., 239); would seem to warrant the proposition that a trust was created for the benefit of those two firms, which they might affirm and enforce, and that a suit in equity would lie in their favor for that purpose. And those and other cases in this State affirm the more general proposition, that where a promise is made upon a valid consideration to one person for the benefit of another, the latter may maintain an action thereon. See above cases, and the _Delaware and Hudson Canal Company_ v. _Westchester County Bank_ (4 Denio, 97); _Dingeldien_ v. _Third Avenue R. R. Co._ (37 N. Y., 575), and cases cited.

But here the sale of the goods was consummated by a

transfer thereof, under the hands and seals of the parties thereto, and the covenant by the defendant was express to pay the price to the vendors, Everett & Jones. On the completion of the inventory, the precise relation between the defendant and Everett & Jones, was that the latter were creditors of the defendant, to the amount of the purchase money. There was no trust and no condition annexed to the sale. The defendant owed Everett & Jones the price of the goods.

The question presented therefore by this case is whether a verbal agreement between creditor and debtor, upon no new consideration, that instead of paying the debt to the creditor, the debtor will pay it to a third person, the debtor himself having no interest in the question to whom the money shall be paid, is final and irrevocable by the creditor, although such third person has given no assent thereto, nor received any notice of such agreement. It is not enough to claim in answer to this question, that the third person, on receiving notice thereof, may accept the promise and sue thereon, the original creditor still assenting. Cases which hold that if money be paid to A, to be paid over to B, the latter may sue for and recover the same, as money had and received to his use by A, do not answer this question.

It would be a very liberal extension of these cases if it should be held that, if A hand money to his own servant or agent, with instructions to carry and deliver it to B, which the servant or agent agrees to do, such instructions are irrevocable, and, although A should change his mind before his agent or servant sets out on his errand, he could not countermand the instructions and take back his money. Until such instructions have been acted upon in some manner, the servant continues servant of A, and only his servant. So, where one hands money to his servant, agent or friend, with a request that he visit the city and therewith pay a note due or about to become due, can it be seriously questioned that, if before anything further is done, such one concludes to use the money for some other purpose, or to pay some

other debt, he may do so? I think not. And the cases above referred to do not hold the contrary nor anything like it.

Privity of contract was once deemed of some importance in testing the right of one who sought to enforce an agreement; and, although where a trust has been created for the benefit of a third person assented to by him, it has been held to create an implied contract in equity or at law, according to circumstances, and to be irrevocable, the mere agreement of third persons, without consideration, not acted upon by either, nor communicated to him in whose apparent favor it is made, is as much the subject of revocation or release as if the latter was not named therein. The present case, however, is not one of trust or delivery of money or property to one to be paid or delivered to another; it is not, therefore, necessary to open or discuss the question, whether, in the cases supposed, an assent of the third person is to be presumed, or whether he has an indefeasible right to accept and sue for the benefit.

The proof and the report of the referee in this case do not, in terms, state the time when the parol agreement by the defendant to pay the debt due Arnold, Constable & Co., and others was made. It would seem to have been not only after the actual assignment and the covenant by the defendant to pay Everett & Jones therefor, but at or after the taking of the inventory and the ascertainment thereby of the amount which, by such covenant, the defendant was bound to pay, upon which the amounts were apportioned and his notes, for so much as he gave notes for, were made.

But the inquiry for the precise date is not material, for if the verbal agreement be assumed to have been prior to or cotemporaneous with the written covenant under the hand and seal of the defendant, Roberts, to pay the amount of the purchase money to Everett & Jones, then the rule that all prior or cotemporaneous parol negotiations and agreements are merged in the written instrument, forbids its operation. Such negotiations and agreements cannot be permitted to

control the covenant. If Everett & Jones had sued the defendant upon that covenant for the price of the goods, he could not defend by proof of such prior or cotemporaneous parol agreement. He would be debtor to them according to the terms of his covenant, and his debt to them was subject to attachment.

If, on the other hand, it be assumed that after the making of the covenant and the ascertainment of the price, the vendors and the defendant agreed that a part of the price should be paid to Arnold, Constable & Co., and others, to satisfy debts of the vendors, the case is not altered; this did not constitute a delivery of money or property to the defendant to be paid to others. There was no trust, no acceptance of anything to create what has been in some cases deemed an agency for such others. It was purely and simply an executory contract without consideration to pay what the defendant owes Everett & Jones, to their creditors. This was in effect a license; if he paid it, very well, he would thereby have satisfied so much of his debt to Everett & Jones.

The simple enquiry whether if a creditor directs his debtor to pay his note to a third person, and he assents, such creditor can revoke the direction, has never been decided in the negative, and I think it cannot be so decided on any principle.

There is no trust; there is no new consideration; such debtor has no interest in the appropriation. If in reliance on the instruction he pays, or places himself in any new position, then indeed, he is protected. But while nothing is done, the debt he owes is the property of the creditor.

Suppose, for example, the debtor having received such a direction and agreed thereto, nevertheless neglects to pay to any one. Can it be doubted that the original creditor could maintain an action for the original debt? It would be a good defence that he had paid it to a third person, pursuant to such an agreement; but the mere agreement unperformed and not acted upon at all, would be no defence.

In this case, Roberts had done nothing, he had not performed the agreement, or acted in any manner on the license

he therefore still remained debtor to Everett & Jones, as he was before the verbal agreement was made.

If these views are correct, then the debt due from the defendant, when the attachment was issued in favor of creditors of Everett & Jones, was a debt due as matter of law to them, and the attachment was operative.

I think the service of the attachment sufficiently identified it, and that the judgment herein should be affirmed.

GROVER, J., WOODRUFF, MASON, JJ., were for affirmance, on the ground stated in opinion of JAMES, J. LOTT, J., was also for affirmance, on the ground that the fair inference from the report was that the verbal agreement was made at the same time with the bill of sale, and therefore merged into it and was void.

HUNT, Ch. J., and DANIELS, J., were for reversal.

Judgment affirmed.