## BARLOW V. MYERS.

*Contract — promise to third person for plaintiff's benefit — assumption of liabili-
ties of debtor. Counter-claim — against holder of negotiable paper — held in
representative capacity. Negotiable instrument — rights of holder in good
faith.*

Defendant, upon the purchase by her of the property of a firm, assumed the
payment of the firm debts, which included three promissory notes held by
N. Before maturity, these notes were transferred to plaintiff, in good faith,
for value. *Held*, (1) that defendant was liable to plaintiff on the notes, and
(2) that she could not set up as a counter-claim thereto an indebtedness to
her from N.

The indebtedness from N. was to the estate of one M., under whose will defend-
ant was sole executrix. *Held*, that this could not be set up as a counter-claim
in an action against defendant individually.

APPEAL by defendant from a judgment in favor of plaintiffs,
entered upon the report of a referee.

The action was brought by Samuel L. M. Barlow, and others,
against Maria J. Myers, upon three promissory notes, altogether
amounting to $3,900 and interest. The facts were these : Prior to
April 3, 1871, Charles M. Randall and George P. Williams were
copartners, carrying on business in the city of New York, under
the firm name of Randall & Williams. On the date last mentioned,
the firm had oustanding, besides other obligations, the three
promissory notes above mentioned. These notes had been given
by the firm for moneys loaned to them by one Nathan Ran-
dall, the father of one of the copartners, and would respect-
ively mature on the 15th and 19th of May, and 3d of July,
1871. On the 3d of April, 1871, the firm sold out their business,
including their stock of goods, bills receivable and assets of every
description, to the defendant, who was the executrix of the last
will and testament of Austin Myers, deceased. The consideration
of this sale was in part the indebtedness of the firm to the estate
of the defendant's testator, and in part the undertaking of the
defendant, as such executrix, to assume and pay all the debts and
obligations of the said firm. By the contract the debts, other than
those due to said testator, were stated as not to exceed $22,000.
There was no evidence that they did amount to that sum.

The defendant alleged, by the way of set-off, that on the 3d of

April, 1870, Nathan Randall was · indebted to her in the sum of $5,000, upon a promissory note, dated November 18, 1868, made by the said Randall, and by which he promised to pay 90 days after date, to the order of Austin Myers, the sum of $5,000 with use, which note was indorsed by the said Austin Myers, in his life-time, and was on the 3d of April, 1871, and at the date of said answer, owned and held by the defendant, and that the promissory notes described in the complaint were on the 3d of April, 1871, owned and held by the said Nathan Randall, and were not transferred by him to the plaintiffs until after that date, and that the plaintiffs were not *bona fide* holders thereof for value. The answer did not allege that the said Austin Myers ever negotiated or parted with the Randall note in his life-time. The notes in the complaint mentioned were transferred to the plaintiffs before maturity, and for full value.

The referee excluded the evidence of the alleged counter-claim or set-off, on the ground that the same did not constitute a defense to the plaintiff's cause of action, to which ruling the defendant excepted. The defendant moved for a nonsuit, on the ground that the plaintiffs had shown no title to the cause of action, which motion was denied, and the defendant excepted.

*Pratt, Mitchell · & Brown,* for appellant, as to the right of plaintiffs to maintain the action, cited *Merrill* v. *Green,* 55 N. Y. 270; *Addison* on Contr. 940; *Garnsey* v. *Rogers,* 47 N. Y. 233; *Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 id. 82; *Kelly* v. *Roberts,* 40 id. 432; *Watson* v. *McLaren,* 19 Wend. 557; S. C., 26 id. 425; *Lamoreux* v. *Hewit,* 5 id. 307; *Miller* v. *Gaston,* 2 Hill, 188; *Brown* v. *Curtis,* 2 N. Y. 225. As to the question of counter-claim, 2 R. S. 354; Code, § 111.

*Solomon Hanford, W. D. Shipman* and *Jos. 'Laroque,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. The defendant, upon a sale of the partnership effects of the firm of Randall & Williams, agreed to discharge certain debts, including notes then held by Nathan Randall for moneys loaned, and which were subsequently, and before maturity,

and for value transferred to the plaintiffs. The defendant, at the time of the sale and agreement mentioned, held a note of Nathan Randall for $500, which was past due, and which she set up as a counter-claim, and offered to prove. On the trial before the referee, it was disallowed and judgment given for the plaintiffs on the notes.

Two questions are presented on this appeal. First. Did the agreement inure to the benefit of the plaintiffs? Second. Was the set-off improperly excluded?

The defendant received all the assets of the partnership, and in consideration thereof, undertook to pay its debts to a certain limit. The plaintiff's debt was included in the obligations assumed. The partnership property is primarily liable for the joint debts. It is the fund created and provided for them. *Wilder* v. *Keeler*, 3 Paige, 167; *Kirby* v. *Carpenter*, 7 Barb. 373; *Ganson* v. *Lathrop*, 25 id. 455; *Sage* v. *Chollar*, 21 id. 596, although the creditors may not have any specific lien upon it. The receipt of it, therefore, constitutes a good consideration for a promise to pay the debts with which it is burdened. An action lies on a promise made by the defendant, on a valuable consideration, to a third party for the benefit of another, even where he is not privy to the consideration (*Lawrence* v. *Fox*, 20 N. Y. 268), and it is not essential that the promise should be made directly to the person to whom the money is to be paid if it is made for his benefit. *Delaware & Hudson Canal Co.* v. *Westchester Co. Bank*, 4 Denio, 97.

There is no difference in principle between the cases cited and this, except that (and it makes the plaintiff's case stronger) there is privity between the defendant and the consideration, inasmuch as the property which formed the consideration was, as we have seen, primarily liable for the plaintiff's debt.

The set-off was properly rejected, because the plaintiffs were holders of a negotiable note, and having taken it before maturity, and for value, it was not subject to existing equities in the absence of notice, actual or constructive. The promise to pay the note held by the plaintiffs was to pay it as it existed at the time it matured. It could not be affected by any arrangement between the defendant and the makers. The defendant assumed their obligations, which was to pay the note, to a *bona fide* holder, for value without notice, notwithstanding they might, were it in the hands of the payee, have a subsisting set-off or equity against it. This must be the rule in

a case like this more particularly where the equitable obligation to apply the joint property to joint debts is created by the law of the land.

There is, however, another objection to the set-off, and that is that it does not exist apparently in favor of the defendant in her own right. *Merritt* v. *Seaman*, 6 N. Y. 168; *Dale* v. *Cooke*, 4 Johns. Ch. 13; *Duncan* v. *Lyon*, 3 id. 359; *Root* v. *Taylor*, 20 Johns. 137. It is not alleged that the note was transferred to the defendant, and the presumption is that it was part of the effects which she acquired as executrix of Austin Myers, deceased. There is nothing in the cases of *Kelly* v. *Roberts*, 40 N. Y. 432; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 id. 82; *Garnsey* v. *Rogers*, 47 id. 233, in conflict with the rule established in *Lawrence* v. *Fox* and applied here. The binding force of a promise duly made upon a valid consideration to one person for the benefit of another is recognized particularly in *Kelly* v. *Roberts*, *supra*. The consideration here was the transfer to the defendant of the partnership property already charged with its debts upon the promise that the debts would be paid.

The judgment should be affirmed.

*Judgment affirmed.*