JAMES R. WHITING, JR., AS ADMINISTRATOR, ETC., OF JAMES R. WHITING, DECEASED, RESPONDENT, *v.* THOMAS GEARTY, IMPLEADED WITH JOSEPH L. T. SMITH AND OTHERS, APPELLANT.

*Assumption of mortgage by grantee — when release by grantor, invalid.*

A bond and mortgage were given to plaintiff's intestate by Smith, who subsequently sold the property to the defendant Gearty, who, in the deed, agreed to assume and pay the same. This action was brought to foreclose the mortgage, the complaint praying for a judgment against Gearty for any deficiency that might arise upon the sale. After the commencement of this action, Smith released Gearty from his agreement to assume and pay the mortgage.

*Held*, that, as the plaintiff knew of the agreement and had accepted the same before the release was executed, his right to enforce the same was not affected thereby.

APPEAL from so much of the judgment recovered in this action, as adjudges the defendant Gearty to be liable for any deficiency, remaining unpaid after the sale of the mortgaged premises described in the complaint herein.

E. *Ellery Anderson*, for the appellant. The covenant in the deed, by which Gearty assumed payment of the mortgage, was strictly matter of contract between Gearty and his grantors, the Smiths. It, therefore, follows that it was competent for the Smiths to alter or rescind the terms of their bargain with their grantee. (*Stephens* v. *Casbacker*, 15 N. Y. Sup. Ct. Rep., 8 Hun, 116; *Halsey* v. *Reed*, 9 Paige, 446; *Blyer* v. *Manholland*, 2 San. Chy., 478.) It is no objection to the release that it was executed after suit brought. (*Willis* v. *Chipp*, 9 How. Pr., 568; *Hartley* v. *Harrison*, 24 N. Y., 170.)

H. P. *Allen*, for the respondent. The liability of the defendant Gearty, under the covenant or promise in the deed, by which he *assumed and agreed to pay* this mortgage, was absolute, unconditional and irrevocable. (*Ricard* v. *Sanderson*, 41 N. Y., 179; *Garnrsey* v. *Rogers*, 47 id., 233; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; *Burr* v. *Beers*, 24 id., 178; *Lawrence* v. *Fox*, 20 id., 268; *Campbell* v. *Smith*, 15 N. Y. Sup. Ct. R., 6; *Simson* v. *Brown*, 13 N. Y., 251.) The release executed by the defendants, Smiths, was wholly ineffectual to discharge Gearty from his liability to the plaintiff. (*Simson* v. *Brown*, 6 Hun, 251.) *Simson* v. *Brown*, above, reversed by Court of Appeals, but upon the *peculiar facts* in that case, and not on the principles of law announced by the court at General Term. (Law & Equity Reporter, May, 1877, p. 612.)

DANIELS, J.:

The action was brought for the foreclosure of a mortgage on premises in the city of New York, made by Joseph L. T. Smith and George H. Smith to James R. Whiting, deceased, to secure the sum of ten thousand dollars.

Joseph L. T. Smith and wife, and George H. Smith and wife, aferwards conveyed the mortgaged premises to Thomas Gearty. The deed contained the following clause: * * * " Subject, nevertheless, to certain indentures of mortgage, amounting in the aggregate to fifteen thousand dollars, which the party of the second part hereby agrees to assume and pay off, the same being a part of the consideration of this conveyance."

The mortgage sought to be foreclosed is one of the mortgages here referred to. Joseph L. T. Smith and George H. Smith, by an instrument dated December 13, 1876, in terms released and discharged the said Thomas Gearty from his assumption of the payment of the mortgage in question.

The complaint prays for a deficiency judgment against Thomas Gearty. The answer of Thomas Gearty sets up the release, and asks that, in so far as the complaint prays for a deficiency judgment against him, the prayer of the complaint be denied.

The court, at Special Term, directed the usual judgment of foreclosure, and also that the defendant, Thomas Gearty, pay to the plaintiff any deficiency that might arise.

The release was executed after the obligation of the defendant had become known to the plaintiff, and after the commencement of this action, one of the objects of which was to enforce the liability created by means of it. The effect of the deed and the acceptance of it by the defendant, was to bind him personally to the performance of the obligation mentioned in it, and that was to pay off the mortgages assumed by the grantee. With the mortgage in suit, the grantors had executed their bonds for the payment of the debt. They had become personally bound themselves, and for that reason, within the earlier as well as the later cases, the clause by which the defendant, as grantee, assumed payment of the same debt, charged him with a personal liability to the owner of the mortgage. (*Trotter* v. *Hughes*, 2 Kern., 74; *Belmont* v. *Coman*, 22 N. Y., 438; *Burr* v. *Beers*, 24 id., 178; *Ricard* v. *Sanderson*, 41 id., 179; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253 ; *Thayer* v. *Marsh*, 11 Hun, 501.) And in that respect the case differs from the agreements for indemnity, which formed the subject of consideration in *Simson* v. *Brown* (13 N. Y. Sup. Ct. R., 251), which was afterwards reversed by the Court of Appeals; and *Merrill* v. *Green*, (55 N. Y., 270).

The question, and the only question in this case is, whether that liability can be released by the grantor through whose instrumentality it was created, after it has become known to the party intended to be benefited by it, and he has brought his action to enforce it. In the absence of notice of the existence, or acceptance, of the obligation by the party to whom payment is to be made, it

has been held that it may be released by the person creating the obligation. (*Kelly* v. *Roberts*, 40 N. Y., 432.) But that was deemed to result from the circumstance that no privity under those circumstances existed between the grantee and the person whose debt was agreed to be assumed by him. A clear implication is to be derived from the opinion of the court in that case, that a different conclusion would have been required if the creditor had appeared to have known and accepted the substituted liability. The only authority in which it has been held that notice and acceptance of the liability did not prevent the grantor from releasing the grantee from the performance of the agreement to pay, is that of *Stephens* v. *Casbacker* (15 N. Y. Sup. Ct. Rep., 116). But that was decided by a divided court, and seems to be opposed to the intention and effect of the agreement made, after it has been followed by the acceptance of the creditor. In deciding the case of *Garnsey* v. *Rogers* (47 N. Y., 233), it was stated by Judge Rapallo in the course of the opinion of the court, which was delivered by him, that where such an assumption is made on an absolute conveyance of land, it is unconditional and irrevocable. The grantor cannot retract his conveyance or the grantee his promise or undertaking; (id., 242), which, however, was probably designed to be subject to the understanding that the agreement should first come to the knowledge of, and be accepted by, the creditor whose debt was to be paid. For, before that, there would be no privity of contract between the parties immediately interested in the agreement. But by such acquiesence and acceptance, the creditor makes himself a party to the agreement intended for his benefit. He adopts the promise made to the grantor for him, and is afterwards entitled to insist upon the performance of it.

Upon this subject Earl, Commissioner, in his opinion in the case of *Thorp* v. *Keokuk Coal Co.* (*supra*), said that "it is sufficient if the promise be made by the promisor upon a sufficient consideration passing between him and his immediate promisee; and when the third person adopts the act of the promisee in obtaining the promise for his benefit, he is brought into privity with the promisor, and he may enforce the promise as if it were made directly to him." (Id., 257.) The right of action upon the promise, in that event, vests in the person whose debt has been

agreed by it, to be paid, and from that time the only person who can release and discharge it, is the individual in whom the right of action to enforce it has become vested. The obligation then becomes a subsisting right of action which he cannot be afterwards deprived of by the unauthorized act of the party inducing the promise. (*Green* v. *Burke,* 23 Wend., 490, 496; *McKnight* v. *Dunlop,* 1 Seld., 537.) It was there held to be a general legal proposition that, "wherever a right of action has once vested in a party, it can only be destroyed by a release under seal, or by the receipt of something in satisfaction of the wrong done." (Id., 544.) The release here referred to must, of course, be that of the party vested with the right. For the right of action can properly be discharged only by him or some one acting under his authority; and that was not done in this case. The weight of authority, as well as the sound reason of the case, are both opposed to the legal validity of the instrument upon which the defendant relied for his defense; the transaction had gone beyond the power of the grantors in the deed, by acceptance of the liability imposed upon the grantee, for the benefit of the mortgagee. For that reason the case of *Stephens* v. *Casbacker* (*supra*), should not be followed, but the judgment appealed from should be affirmed, with costs.

DAVIS, P. J., concurred.

BRADY, J.:

It may be, that under the circumstances disclosed in this case, that the rule declared is unexceptionable; but I do not assent to the proposition that the mortgagor may not release a grantee from the payment of the mortgage assumed for his benefit. The agreement is one between the mortgagor and grantee, and not between the mortgagee and grantee, and is for the benefit of the mortgagor.

Judgment affirmed, with costs.