JANE M. VAN BRUNT, RESPONDENT, *v.* EDWARD P. DAY, MINERVA A. SPISER AND HENRY L. SPISER, APPELLANTS.

*Covenant, in the assignment of a mortgage — it cannot be varied by parol evidence of a conditional delivery.*

One Day assigned to the plaintiff a bond and mortgage, by an instrument under seal, and therein guaranteed the payment of the amount due or to grow due, in case of the failure of the mortgagors to pay the same. Upon the trial of an action to foreclose the mortgage and charge Day with the amount of any deficiency, he offered to prove by parol evidence that the assignment to plaintiff was made on condition that he should keep the property insured; that he gave $300 to plaintiff wherewith to pay the premiums, and that by reason of his failure so to insure it great loss was occasioned, the property having been burned while uninsured. *Held,* that the evidence was inadmissible to add to or vary the covenant contained in the assignment, and that it was properly rejected.

APPEAL from a judgment rendered by the County Court of Kings county, decreeing the foreclosure of a mortgage and the sale of the mortgaged premises, and directing the payment of any deficiency by the appellants.

The bond and mortgage was made by the defendants Spiser to the defendant Day, and was by him assigned to the respondent with a guaranty of "the payment of the amount due and to grow due thereon, in case of the failure of the mortgagors to pay the same according to the tenor thereof."

The answer of the defendant Day averred that the assignment

was made on certain conditions, alleged that these conditions were not fulfilled, and that he was thereby released from his guaranty. On the trial the court refused to admit parol evidence offered, to prove the alleged verbal agreement, and the defendant Day duly excepted.

*S. C. Conable,* for the appellants.

*Wm. S. Cogswell,* for the respondents.

Barnard, P. J.:

Minerva Spiser and Henry L. Spiser executed a bond and mortgage to the defendant Day. Day assigned the same to plaintiff, and in the assignment under seal made this covenant : "And I do hereby guaranty to the party of the second part the payment of the amount due and to grow due thereon, in case of the failure of the mortgagors to pay the same." The defendants answered and set up as a defence to the action for the foreclosure of the mortgage that the assignment was made by the defendant Day to plaintiff, upon the "condition that the said property should be kept insured in an amount sufficient to secure the said bond and mortgage." That Day left $300 in plaintiff's hands with which to insure, and that the failure by plaintiff to insure resulted in great loss, the building upon the property having been burned while it was uninsured. Upon the trial the defendant offered to prove this condition by parol. There was no condition whatever in the written paper containing the covenant by Day to plaintiff. The court rejected parol evidence to ingraft a condition upon the covenant. The general rule is that all previous and contemporaneous agreements are merged in the writing. If, therefore, there was a verbal agreement made at the execution of the assignment of the mortgage, it became merged in the same, and all which was not put in the writing is to be deemed to have been waived, and to form no part of the agreement as finally made. (*Kelly* v. *Roberts,* 40 N. Y. Rep., 432; *Johnson* v. *Oppenheim,* 55 id., 280.) The commissioners of appeals applied the rule as well to subsequent as to prior and contemporaneous admission to vary a written contract. (*Mott* v. *Richtmyer,* 57 N. Y., 49.) In *Van Bokkelen* v. *Taylor* (62 id., 105) the Court

of Appeals held that a condition could not be amended by parol to a writing, such evidence being offered for the purpose of showing no delivery of the paper in question. We think the court committed no error in rejecting the evidence offered, and that the judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

DYKMAN, J.:

This is an action to foreclose a mortgage made by Minerva A. Spiser and her husband to Edward P. Day, and by him assigned to the plaintiff. The deed of assignment contained these words : "And I do hereby covenant with the said party of the second part that there is now due and owing on said bond and mortgage the sum of $3,000, and interest from the first day of March, 1873, and I do hereby guarantee to the party of the second part the payment of the amount due and to grow due thereon in case of the failure of the mortgagors to pay the same, according to the tenor thereof."

The defendant Day alone answered, and set up that his guarantee was upon condition that the property should be kept insured by the plaintiff, which had not been done, and on the trial he offered testimony to show that he guaranteed the mortgage on certain conditions, verbally expressed at the time it was made. This was rejected and constitutes the ground of error here.

It is true that if an entire contract may be in part reduced to writing and in part not so reduced, testimony may be received to show the whole contract, and what part of it was put in writing and what not ; but such testimony when received does not contradict or vary the writing. Quite the contrary, it affirms it, and only shows there is something beyond it. That, however, is not this case. Here the defendant sought to show that he made a conditional verbal contract, and then made an absolute written contract free from conditions. Such testimony would not only contradict and vary the written contract, but might entirely destroy it; writing is certain, and it is against the policy of our law to allow written instruments to be varied by testimony coming from human memory, which is frail. The defendant's position in short is, that

he made a verbal agreement to give a conditional guarantee, and then gave an unconditional one in writing. This being so no principle of law will permit him to escape liability under the writing by attaching to it a condition not included in it.

The judgment must be affirmed, with costs.

BARNARD, P. J. and GILBERT, J., concurred.

Judgment, affirmed, with costs.