GEORGE DOUGLASS, APPELLANT, *v.* FRANK E. WELLS, RESPONDENT, IMPLEADED WITH GEORGE H. WELLS AND OTHERS.

*Assumption of mortgage by a grantee — the grantor cannot release the liability created by.*

Where the grantee, in an absolute conveyance of land, assumes and agrees to pay a mortgage thereon, given by his grantor, an absolute and irrevocable obligation is thereby created in favor of the mortgagee, which cannot be released or affected by any act or agreement of the mortgagor (and grantor), to which the mortgagee does not assent.    (LEARNED, P. J., dissenting.)

*Stephens* v. *Casbacker* (8 Hun, 116), overruled, and *Crowell* v. *Hospital of St. Barnabas* (27 N. J. Eq., 650), disapproved.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer interposed by the plaintiff to the answer of the defendant Frank E. Wells.

The action was commenced in February, 1878, to foreclose a mortgage, dated December 1, 1871, and to recover a judgment for any deficiency that might arise upon a sale.    The bond and mortgage upon which the action was brought was executed by Charlotte E. Wells, George H. Wells and Roger G. Wells.

The complaint alleges that on the 18th day of December, 1872, Roger Wells conveyed his interest in the mortgaged premises, subject to the liens thereon, to Charlotte E. and George H. Wells, who assumed and agreed to pay the plaintiff's mortgage ; that on the 31st day of January, 1876, George H. Wells and wife duly conveyed all their interest in the premises to said Charlotte E. Wells, and the defendant Frank E. Wells, they assuming

all liabilities on the property, including the bond and mortgage to the plaintiff, and demanded judgment for any deficiency against the defendant Frank E. Wells.

The defendant, Frank E. Wells, in his answer, alleged : That on the 7th day of June, 1877, he executed to the said George H. Wells a deed of the land, for a good and valuable consideration, which deed was accepted by said George H. Wells, who retook possession of the premises under the same, and which contained a covenant on the part of the said George H. Wells, as follows : " The party of the second part, by the acceptance of this deed, assumes and agrees to pay all mortgage debts upon the property above described, and releases and discharges the said party of the first part, of and from all liability to pay the said mortgages, or any part thereof, on account of the acceptance by him of a deed of the said lands, dated January 31, 1876, executed by the said party of the second part to the said party of the first part, and recorded," etc.

The plaintiff demurred on the ground that the answer did not state facts sufficient to constitute a defence.

The demurrer was overruled, and the plaintiff appealed.

*O. H. Curtis*, for the appellant. Where the owner of land mortgages it to secure a debt, and subsequently conveys it subject to the lien of the mortgage, and the grantee assumes the payment thereof, the latter becomes personally liable for the payment of the debt to the holder of the mortgage. (*Russell* v. *Pistor*, 7 N. Y., 173; *Trotter* v. *Hughs*, 12 id., 74; *Lawrence* v. *Fox*, 20 id., 268; *Belmont* v. *Coman*, 22 id., 439; *Hartley* v. *Harrison*, 24 id., 170; *Burr* v. *Burr*, 24 id., 178; *Pickard* v. *Sanderson*, 41 id., 179; *Thorp* v. *Keokuc Coal Co.*, 48 id., 253; *Vroman* v. *Turner*, 69 id., 280; *Comstock* v. *Drohan*, 71 id., 9; 40 id., 432; 7 W. D., 419, Ct. of Appeals ; 2 T. & C., 591; 3 Brad., 386.) The reconveyance by the defendant Frank E. Wells to George H. Wells, and the release by the latter of the former from his liability to pay the mortgage debt by reason of his assumption and promise in the conveyance to him, will not discharge him from his personal liability to pay the same *to the plaintiff*. (*Marsh* v. *Pike*, 10 Paige, 545; *Whiting* v. *Gearty*, 14 Hun, 498; Weekly Digest

[vol. 7], p. 97; *Stephens* v. *Casbacker*, 8 Hun, 116; *Simson* v. *Brown*, 6 id., 261; reversed, 68 N. Y., 355; *Campbell* v. *Smith*, 71 N. Y., 26; *Pike* v. *Seiter*, 15 Hun, 402; *Garnsey* v. *Rogers*, 47 N. Y., 242; *Campbell* v. *Smith*, 71 id., 26; Str. Eq., § 1036 *a*, and note 2; 4 Mason, 214, 215; 7 Whea., 556; 11 id., 78; 25 N. Y., 239; *Atkin* v. *Bawick*, 1 Str., 165; *Berley* v. *Taylor*, 5 Hill, 577; *Brewer* v. *Dyer*, 7 Cush., 337; *Fox* v. *Lawrence*, 20 N. Y., 274; id., 397; 23 Wend., 490, 496; 1 Seld., 537; 18 N. Y., 546; 24 id., 130.)

*R. A. Stanton*, for the respondent. George H. Wells had authority to release Frank, without the consent of the plaintiff. (*Stephens* v. *Casbacker*, 8 Hun, 116; *Whiting* v. *Gearty*, 7 N. Y. W. Dig., 97; *Kelly* v. *Roberts*, 40 N. Y., 432; *Crowell* v. *Hospital of St. Barnabas*, 27 N. J. Eq. R., 650; *Ætna National Bank* v. *Fourth National Bank*, 46 N. Y., 89; *Moore* v. *Ryder*, 65 id., 442; *Manson* v. *Bartholomew*, 19 A. L. J., 52; *Durham* v. *Bishof*, 47 Ind., 211.)

BOCKES, J. :

This proposition is not disputed : that Frank E. Wells, on accepting the conveyance of the mortgage premises from George H. Wells and wife, wherein the former expressly assumed the payment of the bond and mortgage in suit, became, as between himself and George, primarily liable for the mortgage debt; and, further, that the holder of the claim (the mortgagee) might enforce such liability by personal judgment against him. But it is insisted that it was competent for George to discharge such personal liability against Frank, without the assent of the mortgagee, at any time before the latter had taken any step in his own behalf for its enforcement. The court so held at Special Term, and gave judgment for the defendant on the demurrer to the answer, wherein a release by George to Frank was set up as a defence to the claim by the mortgagee of personal liability against the latter. The ruling at Special Term is supported by the decision in *Stephens* v. *Casbacker* (15 N. Y. Sup. Ct. [8 Hun], 116). In that case, as in the case in hand, the grantee had reconveyed to his grantor, and . the latter had released the former from his agreement to pay the

mortgage debt, and had gone into possession under the deed of reconveyance, before the mortgagee commenced his action, in which he sought to charge the party personally on his agreement. The court held that the release was effectual as a discharge against the claim of the mortgagee. The learned judge says : " While the defendant remained in possession of the premises, and the covenant remained as between the parties in full force, unrevoked or unrescinded, the plaintiff might doubtless have maintained an action upon it, or held the defendant responsible for any deficiency upon a foreclosure of the mortgage ;" and he adds, " but I can see no ground or reason in principle why, during such period, the grantor might not release the defendant (his grantee) from a personal obligation involved in such covenant, leaving the land simply subject to the mortgage, as he might originally have conveyed the same." This case, however, stands, as it is believed, alone in support of the doctrine advanced in it, among the reported decisions in this State. There is a class of cases which, as is urged by the respondent's counsel, gives countenance and support to *Stephens* v. *Casbacker;* as for instance *Kelly* v. *Roberts* (40 N. Y., 432); *Whiting* v. *Gearty* (7 W. Dig., 97); *Moore* v. *Ryder* (65 N. Y., 438, 442); *Dunham* v. *Bischoff* (47 Ind., 211); *Day* v. *Patterson* (18 Ind., 117); *Mansur* v. *Bartholomew* (19 Alb. L. J. [Ind. case], 52); *Ætna Nat. Bank* v. *Fourth Nat. Bk.* (46 N. Y., 82, 92); *Simson* v. *Brown* (68 id. 355, 361); *Vrooman* v. *Turner* (69 id., 280); *Trotter* v. *Hughes* (12 id., 74) ; *King* v. *Whitley*, 10 Paige, 465). But the decisions in those cases were mostly placed upon the ground of a want of privity between the promissor and the third party, for whose benefit the promise is made, although privity of contract between the latter and the promisor is not as it seems always necessary to the right of action on the undertaking ; so be it, that a legal obligation or duty rests upon the promisee to the party to be benefited by it. (Remarks of ALLEN, J., in *Vrooman* v. *Turner*, 69 N. Y., on page 284.) But to return to the case of *Stephens* v. *Casbacker*. It is believed that the decision in this case is hostile to many others in this State, and cannot be upheld as sound. But, before calling attention to those cases, it may be well to give a passing notice to a remark contained in *Whiting* v. *Gearty* (7 Wk. Dig., 97), above cited. It was said in the very brief report of

that case now before us, and upon the strength of the decision in *Kelly* v. *Roberts* (40 N. Y., 432), that, " in the absence of notice to the mortgagee, of the assumption of the mortgage by a grantee, or in the absence of an acceptance by the mortgagee of such assumption, it has been held that the grantee may be released by the mortgagor." But on recurring to *Kelly* v. *Roberts*, it will be seen that this question was not before the court in that case. Nor does it indeed give support to the remark in *Whiting* v. *Gearty.* *Kelly* v. *Roberts* was decided upon an entirely different principle, to wit: On the grounds that there was no privity of contract between the promisor and the third party, nor any privity to the consideration ; that the plaintiff was an utter stranger to the contract, having no right or interest in the subject-matter of it. The remark above cited in *Whiting* v. *Gearty* is unsupported by the decision in *Kelly* v. *Roberts*, besides, the remark was *obiter;* for all that was necessary to the decision in *Whiting* v. *Gearty* was the proposition that after notice to the mortgagee, and acceptance by him of the assumption by the grantee, a valid release could only come from the former, upon the principle that a release, to be effectual, must come from the person vested with the right. All else that was said or that was attempted to be decided in that case was entirely *obiter*, as that case was presented on the facts. We may then, in the further examination of this case, commence with *Lawrence* v. *Fox* (20 N. Y., 268), where it was held, in general terms, that an action would lie on a promise made by the defendant, upon valid considerations, to a third person, for the benefit of a plaintiff, although the plaintiff was not privy to the consideration. The question whether the original promisee could have released the promissor from the obligation was not in the case except argumentatively. But Judge GRAY, in whose opinion five of his associates concurred, said in substance that he thought it would be difficult to maintain the right of the original promisee to discharge the obligation of the promissor to the third party for whose benefit it was made, and who, in accordance with legal presumption, would be deemed to have accepted it until *his dissent was shown.* Next in order in the Court of Appeals is *Hartley* v. *Harrison* (24 N. Y., 170), where it was held that when land is conveyed subject to a usurious mortgage, which the grantee assumes to pay, the mortgagee

acquires a right to an appropriation of the land for that purpose, which cannot be divested without his assent. Here then was a release of the covenants and agreement contained in the deed by the grantor to the grantee, executed, however, after the mortgage foreclosure suit was commenced. The release was held imperative to open the defence of usury to the grantee. But the question, whether the personal liability assumed by the grantee was or was not discharged by the release of his grantor, was not passed upon by the court. Judge Mason, in his opinion, however, spoke very emphatically on this subject. He said the grantee's liability to the mortgagee was fixed the moment he received the conveyance, and it was not in the power of the grantor to release him from it; that the liability when once created was irrevocable. The case of *Burr* v. *Beers* (24 N. Y., 178) was decided upon the principle settled in *Lawrence* v. *Fox;* and nothing was there said upon the subject here under examination. The same may also be said of *Ricard* v. *Sanderson* (41 N. Y., 179). We are now brought to the case of *Garnsey* v. *Rogers* (47 N. Y., 233), where this entire subject was elaborately discussed. It was there said by Judge Rapallo (although this point was not decided), and with the apparent concurrence of every member of the court, and as a notable proposition in the consideration of the case, that, " *it must further be considered, that, where such an assumption* (the same as in the case in hand) *is made on an absolute conveyance of land*" (which is this case), " *it is unconditional and irrevocable. The grantor cannot retract his conveyance or the grantee his promise or undertaking* " (page 242). The case of *Thorp* v. *Keokuk Coal Co.* (48 N. Y., 253) simply recognized and applied the decision in *Lawrence* v. *Fox* and in *Burr* v. *Beers;* although Judge Earl incidentally remarks, that " when the third person *adopts* the act of the promisee in obtaining the promise for his benefit, he is brought into privity with the promissor, and he may enforce the promise, as if it was made directly to him." The case of *Vrooman* v. *Turner* (69 N. Y., 280) was distinguished from *Lawrence* v. *Fox;* and the denial of the right in that case to enforce the agreement by the mortgagee against the grantee was put upon the ground that the former had no legal interest in the performance of the agreement. Nor has *Comstock* v. *Drohan* (71 N. Y., 9)

any direct bearing upon the question under examination. The reasoning of Judge Church, in *Campbell* v. *Smith* (71 N. Y., 26) is, however, significant. The learned judge adopts substantially the remarks of Judge Rapallo, above cited and quoted. He says "the former" (the grantor) conveyed *absolutely* all her interest in the premises," and the grantee having accepted the conveyance "occupied the position of purchaser. As between them the relation of grantor and grantee existed, with all the rights and obligations incident to that position. The covenant to pay the mortgage *was absolute*, and the mortgagee had the right to enforce it." We are also cited to *Pike* v. *Seiter* (22 N. Y. Sup. Ct.; 15 Hun, 402); *Calvo* v. *Davies* (15 N. Y. Sup. Ct.; 8 Hun, 222), affirmed in the Court of Appeals April 2, 1878, and *Thayer* v. *Marsh* (11 Hun, 501, affirmed in Court of Appeals December 3, 1878). But these cases have no direct bearing on the question as to the effect of a release by the grantor to the grantee. The cases seem to settle down upon this : That where the conveyance is absolute to the grantee his assumption therein of the payment of the mortgage debt, resting as a lien on the premises conveyed to him, creates against him an absolute obligation for its payment. The mortgagee is at once vested with a right to hold him upon his assumption of the debt. Now, no principle is clearer or better settled than this, that a release, to be effectual, must come from the party vested with the right. But it is urged that the right is not vested until there is an acceptance of the obligation. But in such case an acceptance is a legal presumption, in the absence of proof of actual dissent. (*Lawrence* v. *Fox*, per Gray, J., 20 N. Y., 274; *Berly* v. *Taylor*, 5 Hill, 584–585.) It seems to follow, giving due application of the decisions to the case in hand, that the plaintiff, so soon as Frank E. Wells accepted the deed of the mortgaged premises and assumed the payment of the mortgage debt, had an absolute vested right to the enforcement of such obligation. I am not unmindful of the decision in *Crowell* v. *Hospital of St. Barnabas* (27 N. J. Eq., 650) adverse to this conclusion; but that decision is in hostility to those of our own State above cited. It does not recognize the principle settled in *Lawrence* v. *Fox*, *Burr* v. *Beers*, and in the many cases following them, that the mortgagee may enforce the agreement made

between the grantor and the grantee, whereby the latter assumed the payment of the mortgage debt. It is there maintained that the contract is with the grantor simply for his indemnity ; not a contract with the mortgagee for his security ; that the latter is not in privity with the grantee, either in respect to the contract or to the estate granted. So it was there determined, contrary to the rule in our own State, that the agreement, although operative between the parties to it, does not make the mortgage debt a personal debt of the grantee to the mortgagee. Under this ruling it would follow, of course, that the grantor could release and discharge the grantee from personal liability, and that too as well after as before suit for foreclosure was commenced, which result is expressly repudiated in *Whiting* v. *Gearty* by the Court of Appeals. The decision in *Crowell* v. *Hospital of St. Barnabas* is not in consonance with those of our own State since *Lawrence* v. *Fox* and *Burr* v. *Beers* were considered and determined. It is somewhat perplexing to determine precisely the ground on which the rule now established in our own State is made to rest, whether on the ground that the assuming of the mortgage debt by the grantee creates a privity of contract between him and the mortgagee, or makes the latter privy to the consideration of the promise, or that the right of action in the mortgagee springs simply from the promise of the grantee made to the grantor for the mortgagee's benefit. Whatever may be the ground of the ruling it is now firmly and definitely settled in the courts of this State, that the promise of the grantee, in a case like this under consideration, may be adopted and enforced by the mortgagee as a personal obligation of the former to the latter. In this case, according to the decisions, the liability of Frank E. Wells to the plaintiff was absolute on his acceptance of the deed from his grantor, George H. Wells, wherein he assumed the payment of the mortgage debt. The plaintiff then acquired a vested right to the enforcement of this liability. This right could not be taken from him without his assent. He alone might discharge it. So Judge RAPALLO gave utterance to the law when he said, as above quoted, that the obligation was "unconditional and irrevocable ; that the grantor could not retract his conveyance, nor the grantee his promise or undertaking." Of course, this ruling is limited to

those cases (like this in hand) where the grant is absolute and the promise unconditional. It follows that the decision at Special Term was erroneous. Judgment on the demurrer granted at Special Term reversed, and judgment thereon ordered for the plaintiff, with costs.

BOARDMAN, J. I concur in this opinion, as a necessity from the authorities in this State.

LEARNED, P. J., dissenting:

It seems to me that there are two classes of cases, which have sometimes been confused, but which are really different in principle. One class embraces such cases as that of *Lawrence* v. *Fox* (20 N. Y., 268). In that case, Holly, owing Lawrence $300, lent Fox that amount, telling him of this debt to Lawrence, payable the next day; and Fox agreed to pay Lawrence this sum Holly, therefore, intending to benefit Lawrence, put the means of payment into the hands of Fox. Fox might well be liable, as in the old action of assumpsit, for money had and received to the use of the plaintiff. The promise, which Fox had made Holly, showed that the money was really received to the use of Lawrence. In that *quasi* equitable action the inquiry was whether the defendant had money, which, in justice, he ought to pay over to the plaintiff. Thus the fact that Fox had the money, and that he had promised so to apply it, showed the justice of the plaintiff's claim.

But another class of cases embraces those where a mortgagor assigns the mortgaged land, and the assignee assumes the mortgage debt. In such a case the transaction is not for the benefit of the mortgagee, but for the benefit of the mortgagor. No property is put into the assignee's hands, except that which is already pledged for the payment of the debt. The assignee holds nothing which he ought to apply to the payment of the debt, except the land itself; and that is already bound by the mortgage. The transfer, therefore, is not for the benefit of the mortgagee, and the promise is made only to protect the mortgagor.

The liability then, which has been enforced, in such cases, against the assignee and in favor of the mortgagee arises on other principles. As the mortgagor is liable, it follows that, if he should be

compelled to pay, he could look to the assignee, who has practically agreed to indemnify him. And to avoid circuity of action, or by a *quasi* subrogation, the mortgagee is allowed to sue the assignee directly ; the assignee having become the *quasi* principal debtor, and the mortgagor the *quasi* surety, *as between themselves.*

And, because the rule in such cases depends on these principles, it follows that, if the assignment by the mortgagor be, in fact, conditional, the assignee is not liable to the mortgagee. (*Garnsey* v. *Rogers*, 47 N. Y., 233.) For, in that case, the assignee has not become the principal debtor, as between him and the assignor.

Hence it is also that, if the assignor were not personally liable, the mortgagee cannot recover against the assignee. (*Vrooman* v. *Turner*, 69 N. Y., 280.) For there could be no right of action by the assignor, as he could not be compelled to pay the debt. And hence there is no right to which the mortgagee could be subrogated.

But now, to show the contrast between the two classes of cases, suppose that a person, *not* liable for a certain debt, had put in the hands of another money, with which to pay the same, and the party, so receiving the money, had agreed therewith to pay the. debt, would not the creditor be entitled to an action, as for money had and received to his use, according to the case of *Lawrence* v. *Fox ?* Thus it is said in *Garnsey* v. *Rogers*, that, to entitle the third party to his action, the contract must have been made for his benefit.

Now in the case of the assignment of mortgaged property, where the assignee assumes the mortgage, the contract is not made for the benefit of the mortgagee. The assumption of the mortgage is for the indemnity and protection of the assignor; and such indemnity and protection alone are within the view of the parties. And it is only through the rights of the mortgagor that the mortgagee has any claim against the assignee. Hence it follows that, whenever the mortgagor chooses to surrender this indemnity and protection, he may do so. And the mortgagee has no right to complain. Nothing is taken from him to which he had any right. (*Stephens* v. *Casbacker*, 15 Sup. Ct. N. Y., 116; *Crowell* v. *Hospital*, 27 N. J. Eq., 650.)

If the case were one, like *Lawrence* v. *Fox*, where money, not already subject to the debt, had been put in the hands of a person for the payment of the debt, so that the creditor could insist that such money was held by that person for his benefit, his rights would be very different. It would be unjust to him that the person who held this money should pay it back and be discharged. But, in the present case and in those like it, there can be no paying back, to the prejudice of the creditor; because the only property which was transferred was subject to the lien of the creditors debt; and no transfer can affect the creditors right thereto.

The remark in *Garnsey* v. *Rogers* that where, in an absolute conveyance, the payment of the mortgage is assured, it is unconditional and irrevocable, was intended, as I think, to point out the difference between an absolute deed and a deed in the nature of a mortgage. It certainly did not mean that an agreement to assume the mortgage could not be revoked, by mutual consent, as between the parties. The effect of such revocation on the rights of the mortgagee is the present question; and was not under consideration in that case.

I think that the judgment should be affirmed, with costs.

Judgment reversed and judgment ordered on demurrer for plaintiff, with costs.