SCHREIBER v. KELLER MECHANICAL ENGRAVING CO.

(Supreme Court, Appellate Term. February 7, 1908.)

ASSIGNMENTS—TRANSFER OF FUTURE WAGES—EFFECT.

An employé directed his employer to pay to a third person, a creditor, a specified part of his weekly salary until a specified sum had been paid. The employer complied with it by paying such part for two weeks, when the employé revoked the order. The employer made no arrangement with the third person, and the order of the employé was not delivered to him. *Held*, that the order of the employé was a mere direction, revocable by him at will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 160.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Ernest Schreiber, administrator of Adolph Schreiber, deceased, against the Keller Mechanical Engraving Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Liebmann, Naumberg & Tanzer, for appellant.

Reno R. Billington, for respondent.

SEABURY, J. This judgment must be reversed, because the plaintiff failed to establish any liability to him on the part of the defendant. The plaintiff is the administrator of Adolph Schreiber. Warman was indebted to Adolph Schreiber in the sum of $280. Warman was an officer of the defendant company, from which he drew a weekly salary of $35, and to which he was indebted in a sum in excess of $280. On July 25, 1907, Warman wrote the defendant as follows:

"Keller Mechanical Engraving Co., City: Please pay to the order of Adolph Schreiber ten dollars ($10) each week from my salary, the sum of ($280) two hundred and eighty dollars, or not exceeding twenty-eight weeks."

On July 25, 1907, in reply to this letter, the defendant wrote as follows:

"W. A. Warman—Dear Sir: We have your letter of the 25th instructing us to pay ten dollars ($10) each week from your salary, to the amount of and not exceeding two hundred and eighty ($280), to Adolph Schreiber. Your request will be complied with."

On July 28, 1907, the defendant drew its check for $10 to the order of Warman, who indorsed and delivered it to Schreiber. On August 4, 1907, the defendant drew its check for $10 to the order of Schreiber and delivered it to him. On August 11, 1907, Warman revoked the order which he had given to the defendant, and no further payments were made to Schreiber. The trial justice excluded evidence of this revocation, and awarded judgment against the defendant and in favor of the plaintiff for $260.

There is no legal basis upon which this judgment can be sustained. The defendant was not indebted to Schreiber, nor had it made any agreement of any character with him. As the employer of Warman,

the defendant disposed of the salary due Warman in the manner directed by him. Nor can the judgment be sustained upon the theory that the original order of Warman to the defendant was an equitable assignment of $10 per week from Warman's salary. The order did not appropriate any fund to the use of Schreiber, nor was the order delivered to him, nor was there any amount then due from the defendant to Warman, which could be applied in executing the order after it had been revoked by Warman. The order which Warman wrote was a mere direction, revocable by him at will. Kelly v. Roberts, 40 N. Y. 432, 441; Ætna National Bank v. Fourth National Bank, 46 N. Y. 82, 92, 7 Am. Rep. 314.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.